IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 5:19-cv-1127 |
| v. | § § | COMPLAINT |
| DESERT TRUSS, INC. AND BUTTRUM CONTRUCTION, INC., | § § § | |
| Defendants. | § § § | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Sandra Chisholm ("Chisholm"), who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges Desert Truss, Inc. and Buttrum Construction, Inc. (the "Defendants"), subjected Chisholm to a hostile work environment because of her sex in violation of Section 703(a) of Title VII. The Commission further alleges that Defendants subjected Chisholm to unlawful retaliation after she engaged in the protected activities of objecting to and reporting sex harassment in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas. This lawsuit is being filed in the San Antonio Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the San Antonio Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Desert Truss, Inc., has been an Arizona corporation, with its principal place of business in Glendale, Arizona.

5. At all relevant times, Defendant, Buttrum Construction, Inc., has been a Texas corporation, with its principal place of business in New Braunfels, Texas.

6. On information and belief, at all relevant times, the two defendants named in this action have operated as an integrated business enterprise and have collectively had at least fifteen (15) employees on a continual basis. The Defendants share common ownership, common management, and labor relations for both entities are centrally controlled. During her employment with the Defendants, Chisholm performed work for both entities. She was paid for her work by direct deposit from Desert Truss, Inc.'s bank account, and Desert Truss, Inc. employees tracked her hours of work for payroll purposes.

7. At all relevant times, Desert Truss, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

8. At all relevant times, Buttrum Construction, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Sandra Chisholm filed a charge with the Commission alleging violations of Title VII by Defendants.

10. On August 10, 2019, the Commission found reasonable cause to determine that the Defendants violated Title VII when Defendants' owner sexually harassed and then retaliated against Chisolm. The Commission then invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief. The Commission engaged in communications with the Defendants to provide them with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. On April 5, 2019, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Sandra Chisholm was hired by the Defendants as an office manager/bookkeeper in approximately February of 2017. Beginning in approximately March of 2017, Defendants engaged

in unlawful employment practices at their New Braunfels, Texas offices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

14. Defendants subjected their employee Sandra Chisholm to a hostile work environment based on her sex when the Defendants' executive/owner repeatedly made unwelcome sexual advances towards Chisholm.

15. Defendants' owner made multiple unwelcome sexual advances towards Chisholm, including requesting that she become his girlfriend, running his hand up her leg, attempting to touch Chisholm in a sexual manner, grabbing Chisholm and attempting to kiss her, and offering Chisholm money in exchange for spending the weekend with him. The unlawful sexual harassment created a hostile work environment.

16. After Chisholm complained of this conduct, the Defendants failed to take prompt and effective remedial action.

17. The Defendants retaliated against Sandra Chisholm by terminating her because of her complaints to the owner and another manager regarding the owner's unwanted sexual advances towards her.

18. Defendants are liable for the sexually hostile work environment because it was created and maintained by Defendants' owner, who was also an executive who held supervisory authority over Chisholm.

19. The effect of the practices complained of in paragraphs 13 through 18 above has been to deprive Chisholm of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, (female), and in retaliation for opposing such unlawful practices.

20. The unlawful employment practices complained of in paragraphs 13 through 18 above were intentionally undertaken by the Defendants and their agents.

21. The unlawful employment practices complained of in paragraphs 13 through 18 above were done with malice or with reckless indifference to the federally protected rights of Sandra Chisholm.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from subjecting their female employees to a hostile work environment because of their sex and from any other employment practice which discriminates on the basis of sex;

B. Grant a permanent injunction enjoining Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in reprisal or retaliation against any person because such person engaged in protected activity under Title VII;

C. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of their past and present unlawful employment practices;

D. Order Defendants to provide Sandra Chisholm appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to reinstatement of Sandra Chisholm or front pay in lieu thereof;

E. Order Defendants to make whole Sandra Chisholm by providing compensation for

past and future pecuniary losses resulting from the unlawful employment practices described 13 through 18 above, in an amount to be determined at trial;

  F. Order Defendants to make whole Sandra Chisholm by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices as described in paragraphs 13 through 18 above, including but not limited to, humiliation, emotional pain and suffering, stress, anxiety, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial;

  G. Order Defendants to pay Sandra Chisholm punitive damages for their malicious or reckless conduct as described in the paragraphs 13 through 18 above, in amounts to be determined at trial;

  H. Grant such further relief as the Court deems necessary and proper in the public interest; and

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        SHARON FAST GUSTAFSON
        General Counsel

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        ROBERT A. CANINO
        Regional Attorney
        Oklahoma Bar No. 011782

EDWARD JUAREZ
Supervisory Trial Attorney
Texas Bar No. 24019498

/s/ Philip Moss
PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
Email: philip.moss@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY   COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone:(210) 281-7636
Facsimile:(210) 281-7669

**ATTORNEYS FOR PLAINTIFF**